# BALLOON NOTE
(Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT THE END OF FIFTEEN (15) YEARS. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

**December 06, 2006**     Date
**20 OAK ST, LISBON FALLS, ME   04252**     Property Address
**GORHAM, ME**     City, State

## 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ **153,000.00**
**One Hundred Fifty-Three Thousand  and 00/100ths**
(this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
**Chase Bank USA, N.A.**

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder".

## 2. INTEREST
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **Six and 875/1000**
percent (**6.875**         %).
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS
### (A)  Time and Place of Payments
I will pay principal and interest and any other sums payable under this Balloon Note as follows:
In one hundred eighty (180) successive monthly installments, the first one hundred seventy-nine (179) of which shall be in the amount of $ **1,005.10**
**One Thousand Five and 10/100ths**
payable on the **1st**    day of each month commencing with the **1st**    day of **February**          , 2007
and the last installment to be payable on the **1st**    day of **January, 2022**             , in the amount of the remaining balance of the principal sum, interest, and any other amounts payable under this Balloon Note. Each installment is to be applied first to interest on the unpaid principal and the balance, if any, to be applied to the principal sum. Interest from the date of remaining balance of the principal sum, interest, and any other amounts payable under this Balloon Note. Each installment is to be applied first to interest on the unpaid principal and the balance, if any, to be applied to the principal sum. Interest from the date of this Balloon Note to the last day of **December, 2006**              , is payable on the date of this Balloon Note.
I will make my monthly payments at **300 Tice Boulevard, 3rd Floor North**
**Woodcliff Lake, NJ 07677**            , or at a different place if required by the Note Holder.

## 4. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment."  When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.
I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED
### (A)  Late Charges for Overdue Payments    See Attached Rider

**EXHIBIT B**

B&C MULTISTATE BALLOON FIXED RATE NOTE--Single Family
BC-6701 Page 1 of 2 (3/05) (replaces 1/01)



If the Note Holder has not received the full amount of any monthly payment by the end of **XX** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **XX** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Balloon Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Balloon Note, either a Mortgage, Deed of Trust, or Security Deed for loans secured by real property or a Security Agreement or Loan Security Agreement for cooperative apartment loans (the Mortgage, Deed of Trust, Security Deed, Security Agreement or Loan Security Agreement are referred to as the "Security Instrument"), dated the same date as this Balloon Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Balloon Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Balloon Note. Some of those conditions are described in the paragraph titled either "Transfer of the Property or a Beneficial Interest in the Borrower," "Agreements about Lender's Rights if the Property is Sold or Transferred" (on loans secured by real property) or "Consent to Sale or Later Security Interest in the Security" (on cooperative apartment loans).

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____[signature]_____  12-6-0[6]  
Borrower **JAMIE L HARDY**     Date     Borrower  *Pay to the order of [Vanguard...] VOID  Keith Day, Vice President*     Date

_____  ____  _____  ____  
Borrower                 Date   Borrower                 Date

_____  ____  _____  ____  
Borrower                 Date   Borrower                 Date

_____  ____  _____  ____  
Borrower                 Date   Borrower                 Date

B&C MULTISTATE BALLOON FIXED RATE NOTE--Single Family  
BC-6701 Page 2 of 2 (3/05) (replaces 1/01)

Loan Number:

## PREPAYMENT RIDER TO NOTE

**NOTICE TO BORROWER: Do not sign this loan agreement before you read it. This loan agreement provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in the loan agreement.**

This PREPAYMENT RIDER TO NOTE amends that certain Note dated **December 06, 2006** and executed by JAMIE L HARDY

("Borrower(s)") in connection with a loan made by **Chase Bank USA, N.A.** ("Lender"). This PREPAYMENT RIDER TO NOTE, which is executed as of the same date as the Note, is made a part of the Note. All defined terms have the same meaning as defined in the Note.

A. Section 4 if Fixed Rate Note, or Section 5 if Adjustable Rate Note ("BORROWER'S RIGHT TO PREPAY") is deleted and replaced in its entirety by the following:

**I have a right to make payments of principal at any time before they are due. A prepayment of all the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as a "partial prepayment". When I make a partial or full prepayment, I will tell the Note Holder in writing that I am doing so. If my loan allows me to pay interest only or to make a fully amortizing payment of principal and interest for any monthly payment before the First Principal and Interest Payment Due Date, any such fully amortizing payment of principal and interest which I make will NOT be considered a partial repayment for purposes of calculating prepayment premiums under this Rider.**

**I may make full prepayment or partial prepayment, subject to the following conditions:**

**3**      **YEAR OPTION.** If, within the first **3** year(s) after the date of this Note I should prepay this Note in full or in part, I shall pay to the Note Holder a prepayment premium equal to six (6) months' advance interest on the amount prepaid in excess of 20 percent of the original principal balance in any 12 month period measured from the Note date or anniversary thereof. [For 5-year option only] If I prepay during the fourth and fifth years, I will be charged a prepayment penalty premium equal to three (3) months' advance interest on the amount prepaid in excess of 20 percent of the original principal balance. For this purpose, advance interest shall be calculated at the rate in effect on the date of full or partial prepayment.

**After 3**      **years from the date of this Note, I may prepay in part or in full without payment of any premium.**

**The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes to the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.**

**IF MY LOAN IS SECURED BY PROPERTY LOCATED IN NEW YORK,** a prepayment penalty may only be charged during the first year of my loan. In addition, a prepayment penalty may be charged on Adjustable Rate loans only if the initial interest rate remains fixed for at least 5 years.

B. Except for the changes set forth in the PREPAYMENT RIDER TO NOTE, all terms of the Note remain in full force and effect.

WITNESS the Hand(s) and Seal(s) of the Undersigned.

_[signature]_    12-6-06

Borrower    Date      Borrower    Date
**JAMIE L HARDY**

Borrower    Date      Borrower    Date

RIDERS

Borrower    Date      Borrower    Date

Borrower    Date      Borrower    Date

B&C PREPAYMENT RIDER TO NOTE
BC-6715M (5/06) (Replaces 3/05)

Loan Number:

# LATE CHARGE RIDER TO NOTE

This LATE CHARGE RIDER TO NOTE amends that certain Note dated **December 06, 2006** and executed by JAMIE L HARDY

("Borrower(s)") in connection with a loan made by
**Chase Bank USA, N.A.**
("Lender"). This LATE CHARGE RIDER TO NOTE, which is executed as of the same date as the Note, is made a part of the Note. All defined terms have the same meaning as defined in the Note.

A. Section 6a if Fixed Rate Note or Section 7a if Adjustable Rate Note ("LATE CHARGE FOR OVERDUE PAYMENTS") is deleted and replaced in its entirety by the following:

**If the Note Holder has not received the full amount of any monthly payment within 10 days of the payment due date shown on the monthly payment notice, I will pay a late charge to the Note Holder. The amount of the charge will be the greater of 6.000 % of my overdue payment of principal and interest or $29.00 . I will pay this late charge promptly but only once on each late payment.**

B. Except for the changes set forth in the LATE CHARGE FOR OVERDUE PAYMENTS, all terms of the Note remain in full force and effect.

WITNESS the Hand(s) and Seal(s) of the Undersigned.

_____ 12-6-06
Borrower                                                Date
**JAMIE L HARDY**

_____   _____
Borrower                                Date    Borrower                                Date

_____   _____
Borrower                                Date    Borrower                                Date

_____   _____
Borrower                                Date    Borrower                                Date

_____   _____
Borrower                                Date    Borrower                                Date

Late Charge Rider To Note
BC6783        (3/05)

## ALLONGE TO THE NOTE



Document Reference #:
Borrower: JAMIE L HARDY
Date of Note: 12/6/2006
Loan Amount: $153,000.00
Property Address: 20 OAK ST, LISBON FALLS, ME, 04252

For Value received, I hereby transfer, endorse and assign the within Note.

Pay to the order of:

_____, Without recourse

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION S/B/M TO CHASE BANK USA, NATIONAL ASSOCIATION**

By: *Adam Littleton*

Name:
Title: **Adam Littleton**
**Vice President - Document Execution**